IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARLES S. OAKES,

    Plaintiff,

v.   No. 2:22-cv-0224-SMV-GJF

HONEYWELL INTERNATIONAL, INC.,
NATIONAL TECHNOLOGY AND
ENGINEERING SOLUTIONS OF SANDIA, LLC,
CAROL ADKINS, and PAUL SHOEMAKER,

    Defendants.

### ORDER GRANTING DEFENDANTS' OPPOSED MOTION TO STAY DECISION ON PLAINTIFF'S MOTION FOR REMAND

THIS MATTER is before the Court on Defendants' Opposed Motion to Stay Decision on Plaintiff's Motion for Remand (the "Motion"). [Doc. 22]. Plaintiff did not file a response to the Motion. I find that oral argument is not necessary to decide the Motion. Having considered the Motion, the record, and the relevant law, I find the Motion is well-taken and should be granted.

In a complaint initially filed in the Second Judicial District Court in Albuquerque, New Mexico, Plaintiff alleges that Defendants terminated his employment in retaliation for reporting wrongful conduct and in violation of an implied contract, and that Defendants falsely reported their research. [Doc. 1-2]. Defendants removed this matter to this Court on March 28, 2022, on the ground that this Court has subject-matter jurisdiction based on the federal enclave doctrine. [Doc. 1]. Under that doctrine, "[p]ersonal injury actions which arise from incidents occurring in federal enclaves may be removed to federal district court as a part of federal question jurisdiction." *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1034 (10th Cir. 1998); *see Allison v. Boeing Laser*

*Tech. Servs.*, 689 F.3d 1234, 1235 (10th Cir. 2012) (discussing the federal enclave doctrine). Defendants argue that the "employment decision forming the basis of Plaintiff's claims . . . occurred within" Kirtland Air Force Base ("KAFB"), which is a federal enclave. [Doc. 1] at 4; *see Allison*, 689 F.3d at 1235 (KAFB is a federal enclave).

Plaintiff moved for remand of this matter to state court on the ground that the federal enclave doctrine does not apply. [Doc. 17].[1] Plaintiff contends that the injury to him did not occur in a federal enclave because (1) neither he nor his direct supervisor worked on KAFB property and (2) the harm occurred outside of KAFB. [Doc. 17] at 2. Plaintiff's Motion for Remand is ripe for decision by the Court.

In their Response Brief Opposing Plaintiff's Motion for Remand, Defendants cited *Bisconte v. Sandia National Laboratories* for the proposition that a court may have federal enclave jurisdiction even if the plaintiff was not working within the federal enclave at the relevant times. 554 F.Supp.3d 1158, 1161 (D.N.M. 2021), appeal docketed, No. 21-2133 (10th Cir. Oct. 28, 2021). In *Bisconte*, the plaintiff argued that, because she was working remotely, the federal enclave doctrine did not apply because the alleged harm to her occurred outside of the federal enclave. *Bisconte*, 554 F.Supp.3d at 1163. The Court disagreed and held that "the federal enclave doctrine applie[d] because (1) the place where the wrong occurred was on [KAFB], and alternatively, (2) the employer's decision making and policies occurred on [KAFB]." *Id.* at 1161. The *Bisconte* plaintiff appealed that ruling to the Tenth Circuit Court of Appeals, which heard oral argument on May 20, 2022. *See Bisconte v. Sandia National Laboratories*, No. 21-2133.

---

[1] On July 5, 2022, Defendants filed their Response Brief Opposing Plaintiff's Motion for Remand [Doc. 20]; and on July 19, 2022, Plaintiff filed his Reply in Support of his Motion for Remand [Doc. 21].

In the present Motion, Defendants request a stay of my decision on Plaintiff's Motion to Remand until the Tenth Circuit Court of Appeals decides *Bisconte*. I will grant the Motion for two reasons.

First, although Plaintiff indicated to Defendants that he opposes the Motion, he did not file a response in opposition to it. Under D.N.M.LR-Civ 7.1(b), "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." Hence, Plaintiff consents to a stay.

Second, the Tenth Circuit Court of Appeals' decision in *Bisconte* will bear directly on a fundamental issue: whether this Court has federal enclave jurisdiction over this matter. That issue is at the heart of Plaintiff's Motion to Remand. [Doc. 17]. Hence, a stay is appropriate because the decision in *Bisconte* likely will have a "substantial or controlling" effect on this case. *Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009) (stating, "to await a federal appellate decision that is likely to have a substantial or controlling effect on the claims and issues in the stayed case" is an "excellent" reason for a stay); *Ferrari v. N. Am. Credit Servs., Inc.*, No. 8:21-CV-2520-KKM-AEP, 2022 WL 462078, at *2 (M.D. Fla. Feb. 15, 2022) (stating that a stay pending decision in a factually and legally similar case would avoid inconsistent results, duplication of effort, and the waste of judicial resources).

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendants' Motion to Stay Decision on Remand is GRANTED.

**IT IS FURTHER ORDERED** that this matter is STAYED until further order of the Court.

**IT IS FURTHER ORDERED** that Defendant must FILE a notice of supplemental authority within ten days of the date the Tenth Circuit Court of Appeals issues a decision in *Bisconte v. Sandia National Laboratories*, No. 21-2133.

**IT IS SO ORDERED.**

                                              **STEPHAN M. VIDMAR**
                                              **United States Magistrate Judge**
                                              **Presiding by Consent**