IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHARLES S. OAKES,

        Plaintiff,

v.

                                                                  No. 2:22-cv-00224-SMV-GJF

HONEYWELL INTERNATIONAL, INC.,
a Delaware Corporation; NATIONAL TECHNOLOGY
AND ENGINEERING SOLUTION OF
SANDIA, LLC, a Delaware Corporation
and wholly-owned subsidiary of Honeywell
International, Inc.; CAROL ADKINS; and
PAUL SHOEMAKER,

        Defendants.

## NOTICE OF SUPPLEMENTAL AUTHORITY

COME NOW Defendants, pursuant to D.N.M. LR-Civ. 7.8,[1] and hereby provide notice of the "Order and Judgment," attached as **Exhibit A**, by the Tenth Circuit Court of Appeals in *Bisconte v. Sandia National Laboratories*, No. 21-2133, on August 31, 2022:

On Pages 4-7 of "Defendant's Response Brief Opposing Plaintiff's Motion for Remand" ("Response Brief") [Doc. 20], Defendants argue that federal-enclave jurisdiction exists even though Plaintiff worked at a remote site not on Kirtland Air Force Base ("KAFB"). Similarly, in *Bisconte*, the Tenth Circuit found that federal-enclave jurisdiction existed even though the plaintiff worked remotely—either at home or at a Sandia facility located off of KAFB. The Tenth Circuit instead applied an "all-pertinent-events standard" and found "it is clear from our review of the record that all *pertinent* events occurred on the [KAFB]." [*Bisconte* Order, at p. 7-9].

---

[1] Pursuant to D.N.M. LR-Civ. 7.8(c), Defendants affirm that the body of this Notice does not exceed 350 words. According to Microsoft Word, excluding this footnote, the body of this Notice is 346 words.

The Tenth Circuit noted that the alleged misconduct in *Bisconte* that gave rise to her injury was *inter alia* retaliation for reporting suspected misconduct, termination, and breach of internal policies and, thus, concluded that "these alleged acts of misconduct occurred on a federal enclave because they involved actions taken, decisions made, and policies developed by Sandia's managers and executives who worked on the [KAFB]." [*Bisconte* Order, at p. 9]. Similarly, in this case, the alleged misconduct that gives rise to Plaintiff's claims is retaliation for reporting suspected misconduct, termination, and breach of internal policies.

On Pages 7-10 of its Response Brief, Defendants argue that this action arises from Sandia's practices on KAFB and, in support, have shown that "Plaintiff was subject to the policies and procedures applicable to all Sandia employees," that "[t]hose policies and procedures are adopted and enforced on the federal enclave," and that "[w]ith the exception of Shoemaker, the individuals who participated in the discussions concerning termination of Plaintiff's employment were all located on [KAFB]." Applying the *Bisconte* analysis to these facts, the Court should find federal-enclave jurisdiction exists because "the pertinent event here is the conduct from which [Plaintiff's] injuries allegedly stemmed—conduct that occurred on the base." [*See Bisconte* Order, at p. 10].

STELZNER, WINTER, WARBURTON,
  FLORES & DAWES, P.A.
P.O. Box 528
Albuquerque, NM 87103
(505) 938-7770
qsmith@stelznerlaw.com
jd@stelznerlaw.com

By: /s/ Quentin Smith
_____
  Quentin Smith
  Jaime L. Dawes

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 7th day of September, 2022, I filed the foregoing electronically through the CM/ECF system, which caused counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

/s/ Quentin Smith

_____

Quentin Smith